Aiken v. State.

AIKEN v. STATE.

(*Knoxville.*    November 13, 1897.)

1. CRIMINAL COSTS.  *State not liable for costs in misdemeanor case.*

   In no event is the State liable for the costs of a prosecution for misdemeanor.

   Act construed: Acts 1891, Ch. 22 (Ex. Sess.).

   Code construed: § 7621 (S.); § 6467 (M. & V.); § 5587 (T. & S.).

2. SAME.  *Paid by county after conviction, only on return of nulla bona.*

   The costs for which the county is liable in misdemeanor cases, under the "Jarvis bill," after conviction, cannot be adjudged against or paid by the county until there has been an actual return of execution *nulla bona.*  The return is the only evidence of defendant's insolvency that the law recognizes.

   Act construed: Acts 1897, Ch. 20.

---

FROM HAMILTON.

---

Appeal in error from Circuit Court of Hamilton County.  FLOYD ESTILL, J.

CLIFT & CUMMINGS for Aiken.

Attorney-general PICKLE for State.

BEARD, J.  The plaintiff in error was convicted of the offense of lewdness.  A fine of five dollars was imposed by the Court, and it was ordered

15 P—42

that he be confined in the workhouse or jail of Hamilton County until he pay or secure this fine and the costs of the case, or until the same be worked out by him, as prescribed by law. The judgment then proceeds: "And, in the event of insolvency, the State of Tennessee will pay costs when taxed and certified."

The plaintiff in error complains that the Court below was in error in declining to grant him a new trial, on the ground that the verdict was not supported by the evidence. We think the jury were not warranted, upon the testimony found in the record, in returning the verdict of guilty, and the action of that Court in entering judgment on the verdict was error.

There are two objections made by the State to that Court's disposition of the costs in this case; both are well taken: (1) This is a misdemeanor case, and in no event can the State be called on to pay the costs allowed in it. Chapter 22, Sec. 2 (Ex. Sess.), 1891; Code (Shannon), § 7621; (2) since the passage of what is popularly known as the "Jarvis bill" (Ch. 20 of the Acts of 1897) a judgment cannot be entered against the county in such a case "until the execution issued upon the judgment against the defendant has been returned *nulla bona*," and then only for such costs as are allowable in a misdemeanor case under the provisions of that bill.

The judgment of the Circuit Court is reversed, and the case is remanded.